**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 62**

Docket No. NY-1221-13-1018-W-1

**James E. Carney,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

August 6, 2014

Robert C. Laity, Tonawanda, New York, for the appellant.

<u>Sheila Q. Weimer</u>, Esquire, Buffalo, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons set forth below, we GRANT the appellant's petition for review and AFFIRM those parts of the initial decision finding that the appellant proved that he exhausted his administrative remedies and nonfrivolously alleged that he engaged in the protected activity of assisting a coworker in a grievance proceeding. We VACATE the portion of the initial decision finding that the appellant failed to make a nonfrivolous allegation that his protected activity was

a contributing factor to the agency's personnel action and REMAND the appeal for further adjudication consistent with this Opinion and Order.

BACKGROUND

¶2        The appellant filed an IRA appeal alleging, among other things, that the agency retaliated against him for assisting a coworker in a grievance proceeding by suspending him for 5 days and, shortly thereafter, suspending him for an additional 14 days.  Initial Appeal File (IAF), Tab 1 at 5, 7, 13-14; *see id*., Tab 8 at 29, 34.  The administrative judge found that the appellant had exhausted his administrative remedies with the Office of Special Counsel (OSC) regarding the two suspensions and that the appellant made a nonfrivolous allegation that he assisted a coworker in a grievance, which the administrative judge found was a protected activity under the Whistleblower Protection Enhancement Act (WPEA)[1] provisions codified at 5 U.S.C. § 2302(b)(9).  IAF, Tab 20, Initial Decision (ID) at 7-11.  However, the administrative judge found that the appellant failed to exhaust his administrative remedies with OSC concerning his purported 2010 whistleblowing disclosures and a 2011 reprimand.  ID at 9-11.  The administrative judge further found that the appellant failed to make a nonfrivolous allegation that the agency officials who proposed and decided the suspension actions knew of his protected activity and thus that he failed to make a nonfrivolous allegation that his protected activity was a contributing factor to his suspensions.  ID at 11-14.  The administrative judge dismissed the appeal for

---

[1] Pub. L. No. 112-199, 126 Stat. 1465.  Pursuant to section 202 of the statute, the WPEA became effective on December 27, 2012.  The appellant represented a coworker at an informal grievance meeting on March 6, 2013.  *See* IAF, Tab 1 at 13.  The decision on the appellant's 5-day suspension was issued to the appellant on March 22, 2013.  IAF, Tab 8 at 29.  Additionally, the decision on the 14-day suspension was issued on August 12, 2013.  *Id*. at 34.  Thus, all of the actions relevant to consideration of whether the agency retaliated against the appellant in violation of 5 U.S.C. § 2302(b)(9)(B) occurred after the December 27, 2012 effective date of the WPEA.

lack of jurisdiction, without holding the appellant's requested hearing.  ID at 2, 15; IAF, Tab 1 at 3.

¶3        The appellant has petitioned for review.  Petition for Review (PFR) File, Tab 1.  The agency has responded in opposition to the petition, PFR File, Tab 3, and the appellant has replied to the response, PFR File, Tab 4.

## ANALYSIS

¶4        As with all IRA appeals, the first element to Board jurisdiction over an IRA appeal involving an allegation of reprisal for activities protected by 5 U.S.C. § 2302(b)(9) is exhaustion by the appellant of his administrative remedies before OSC.    5 U.S.C. § 1214(a)(3); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 4 (2013); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  In the instant case, the administrative judge found that the appellant exhausted his administrative remedies before OSC regarding the claim that the agency suspended him for 5 days and again for 14 days in reprisal for assisting a coworker in a grievance proceeding.[2]  ID at 7-11.

---

[2] To satisfy the exhaustion requirement, an appellant must inform OSC of the precise ground of his protected activity, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action.  *Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 10 (2006).  Here, the administrative judge found that the appellant demonstrated exhaustion with regard to the 5-day suspension through his initial OSC complaint and exhaustion with regard to the 14-day suspension through evidence that he supplemented the original complaint.  ID at 7-9; IAF, Tab 1 at 13-14, Tab 11, Exhibit F. The administrative judge also found that the appellant did not establish exhaustion with regard to a purported disclosure he made in 2010 or a 2011 reprimand.  ID at 9-11. Careful review of the appellant's submissions to OSC shows that he did not identify his alleged 2010 disclosures in those submissions and did not allege retaliation for them in the form of the 2011 reprimand or anything else.  *See* IAF, Tab 1 at 13-14, Tab 10, Exhibit F.  We note that the appellant submitted an email dated September 8, 2010, to other agency employees regarding agency records.  IAF, Tab 11 at 5.  However, there is no evidence that the appellant sent this document to OSC.  Thus, the administrative judge correctly found that the appellant did not show that he exhausted his administrative remedies regarding his 2010 disclosures or the 2011 reprimand.

That finding is not challenged on review, and we discern no error in the administrative judge's finding.

¶5     The next requirement to show Board jurisdiction over an IRA appeal is for the appellant to nonfrivolously allege that he engaged in an activity protected by the WPEA. *Mudd*, 120 M.S.P.R. 365, ¶ 4. Prior to the enactment of the WPEA, the Board lacked jurisdiction over an allegation, such as the one in the instant case, of retaliation for representing a coworker in a grievance proceeding. *See Wooten v. Department of Health & Human Services*, 54 M.S.P.R. 143, 146 (1992); *see also Rubendall v. Department of Health & Human Services*, 101 M.S.P.R. 599, ¶ 9 (2006). However, the WPEA expanded the Board's jurisdiction in IRA appeals to include claims that a personnel action was proposed or taken as a result of a prohibited personnel practice described at 5 U.S.C. § 2302(b)(9)(B). Specifically, section 101(b)(1)(A) of the WPEA amended 5 U.S.C. § 1221(a) to provide that an employee, former employee, or applicant for employment may seek corrective action from the Board with respect to any personnel action taken, or proposed to be taken, against such employee, former employee, or applicant for employment, as a result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(8) or 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014) (discussing the scope of the WPEA amendments to Title 5). The amended section 2302(b)(9)(B), referenced in the amendments to 5 U.S.C. § 1221(a) discussed above, provides that

> [a]ny employee who has authority to take, direct others to take, recommend, or approve any personnel action shall not, with respect to such authority, take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of testifying for or otherwise lawfully assisting any individual in the exercise of any right referred to in subparagraph (A)(i) or (ii).

*See Hooker*, 120 M.S.P.R. 629, ¶ 9.  Subparagraph (A) of 5 U.S.C. § 2302(b)(9), in turn, prohibits the taking or failing to take, or threatening to take or fail to take, "any personnel action against any employee or applicant for employment because of-- (A) the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation-- (i) with regard to remedying a violation of paragraph [(b)](8); or (ii) other than with regard to remedying a violation of paragraph [(b)](8)." *See Hooker*, 120 M.S.P.R. 629, ¶ 9.

¶6    Thus, as correctly found by the administrative judge, under the WPEA the Board now has jurisdiction over claims of retaliation for lawfully assisting a coworker in a grievance proceeding.[3]  The holding that the Board lacks jurisdiction over such claims in cases such as *Rubendall*, 101 M.S.P.R. 599, ¶ 9, and *Wooten*, 54 M.S.P.R. at 146, is superseded by the statutory change.  In this appeal, the appellant alleged that he represented an agency employee during an informal grievance meeting on March 6, 2013.  IAF, Tab 1 at 13.  Such an activity clearly falls within the protective umbrella of the WPEA.  Thus, the appellant has nonfrivolously alleged that he engaged in a protected activity.

¶7    The next element to Board jurisdiction over an IRA appeal is for the appellant to nonfrivolously allege that his protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Mudd*, 120 M.S.P.R. 365, ¶ 4.  An employee may establish, for jurisdictional purposes, that a protected activity was a contributing factor to covered personnel actions through circumstantial evidence, such as the acting official's knowledge of the protected activity and the timing of the personnel actions.  *Mason v. Department*

---

[3] Although 5 U.S.C. § 1221(a) limits Board appeal rights under 5 U.S.C. § 2302(b)(9)(A) to individuals who exercised appeal, complaint, or grievance rights under (i), with regard to remedying a violation of section 2302(b)(8), there is no such jurisdictional restriction for individuals filing a Board appeal pursuant to 5 U.S.C. § 2302(b)(9)(B), such as the appellant in this matter.

*of Homeland Security,* [116 M.S.P.R. 135](#), ¶ 26 (2011). Thus, an appellant's nonfrivolous allegation that the official taking the personnel action knew of the protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action is sufficient to meet the knowledge-timing test and to satisfy the appellant's burden to make a nonfrivolous allegation of a contributing factor. *Id.*

¶8  In *Ormond v. Department of Justice*, [118 M.S.P.R. 337](#), ¶ 13 (2012), for example, the Board found that 6 months between a disclosure and a personnel action was sufficiently proximate to allow a reasonable person to conclude that the disclosure was a contributing factor in the personnel action. Likewise, in *Mudd*, [120 M.S.P.R. 365](#), ¶ 10, the Board found that personnel actions alleged to have begun within 1 year of the time that an employee engaged in a protected activity satisfied the timing prong of the knowledge-timing test.

¶9  Here, the appellant alleged that the supervisors who suspended him in March and August of 2013 had knowledge that he assisted a coworker in the grievance on March 6, 2013, because they were apprised of the appellant's everyday activities and were intensely scrutinizing him. IAF, Tab 10 at 6, Tab 15 at 4, Tab 16 at 8. The appellant also alleged that the supervisors who suspended him granted the appellant official time to engage in the representational activities. IAF, Tab 10 at 6.

¶10  Despite these allegations that the appellant's supervisors knew of his representational activity and suspended the appellant soon thereafter, the administrative judge found that the appellant failed to make a nonfrivolous allegation that his assistance to a coworker in the grievance process was a contributing factor to the two suspensions. ID at 11-15. In making this finding, the administrative judge relied on the sworn statements of the agency supervisors that, at the time of their involvement with the appellant's suspensions, they had no knowledge of the appellant's presence at the March 6, 2013 grievance

meeting.  ID at 13; *see* IAF, Tab 8 at 36-38, 40-42.  The administrative judge's consideration of the agency's evidence at this stage of the proceedings was erroneous.

¶11    An appellant meets his jurisdictional burden and is entitled to a hearing on the merits in an IRA appeal if he makes nonfrivolous allegations that his protected activity was a contributing factor to a personnel action.  *See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 9 (2014); *Mason*, 116 M.S.P.R. 135, ¶ 7.  A nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal.  *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); *see Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 18 (2010).  In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive.  *Weed*, 113 M.S.P.R. 221, ¶ 19; *Ferdon*, 60 M.S.P.R. at 329.

¶12    We find, contrary to the administrative judge's conclusion, that the appellant's assertions that the supervisors who suspended him in March and August of 2013 were aware of his representational activity on March 6, 2013, constitute allegations of fact that, if proven, could establish a prima facie case of Board jurisdiction.  The agency's evidence regarding the knowledge of the agency supervisors constitutes mere factual contradiction of the appellant's evidence and should not have been considered by the administrative judge.  Thus, we conclude that the appellant met his jurisdictional burden and is entitled to a hearing on the merits of his claim.

ORDER

¶13     We remand the appeal to the regional office for further adjudication, including a hearing, consistent with this Opinion and Order.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.